UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
**ZUFFA, LLC d/b/a ULTIMATE**
**FIGHTING CHAMPIONSHIP,**

                      Plaintiff,

    -against-

STEVEN A. MESSINA, Individually and as officer, director, shareholder and/or principal of "XYZ CORP. INC.", said name being fictitious the true name being unknown to Plaintiff,

"JOHN DOE" and "JANE DOE", Individually and as officers, directors, shareholders and/or principals of "XYZ CORP. INC.", said names being fictitious the true names being unknown to Plaintiff,

and

"XYZ CORP. INC.", said name being fictitious the true name being unknown to Plaintiff,

                      Defendants.
-----------------------------------------------------------------

**COMPLAINT**

Civil Action No.

Plaintiff, **ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP,** by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of Defendants herein, respectfully sets forth and alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. **ZUFFA, LLC, d/b/a ULTIMATE FIGHTING CHAMPIONSHIP** (hereinafter referred to as "Plaintiff"), is the copyright owner and publisher of the Ultimate Fighting Championship broadcasts for the 124 Pay-Per-View events attached hereto as Exhibit A and incorporated herein

-1-

by reference, including all undercard bouts and the entire television broadcasts, exhibited via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcasts"). The Broadcasts originated via satellite uplink and were subsequently re-transmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized, online platforms. Plaintiff institutes this action to obtain redress for, and to bring a stop to, the massive and blatant infringement of its copyrighted works by the Defendants, STEVEN A. MESSINA, JOHN DOE, JANE DOE, and XYZ CORP. INC. (hereinafter collectively referred to as "Defendants"). Defendants have, on over 124 occasions, used the torrent websites known as http://kickass.to and http://thepiratebay.se to upload, distribute and publicly display the Broadcasts to the users of said websites.

2. Defendants utilize several user profiles on websites such as http://kickass.to and http://thepiratebay.se to upload programming, including the Broadcasts, and allow users to copy, share, download, upload and distribute the Broadcasts. Among the programming copied, downloaded, uploaded and/or publicly displayed and distributed by Defendants are the copyrighted Broadcasts.

3. Defendants encourage online users to copy, share, download, distribute and share content, including the Broadcasts, on the aforementioned websites, and they facilitate, participate and induce users to engage in the unauthorized reproduction, adaptation, distribution and public display of programming containing Plaintiff's copyrighted works. Upon information and belief, Defendants' modus operandi is to knowingly, willfully and with blatant disregard to the copyright ownership of the Plaintiff, upload copyrighted works to the aforementioned websites and direct users to URL links, such as PayPal, on their user profiles wherein a user can make direct payments to the

Defendants to help them to "keep ripping" copyrighted content. Defendants, coining the name "Secludedly" for their user profile name on the aforementioned websites, are intent on becoming the most well known pirates and infringers on the internet by making their mark on the major torrent websites available on the internet. Defendants are well aware that Plaintiff never authorized the copying, downloading, uploading, public display and/or distribution of the Broadcasts by Defendants on the aforementioned websites. In fact, Defendants proclaim themselves as the "Provider of best MMA & Boxing rips online!" Although Defendants have the right, ability and legal obligation to prevent infringement of Plaintiff's copyrighted works, they have allowed infringement to go unchecked, content to profit handsomely from user payments and donations to fund their rampant piracy and copyright infringement.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. §101, et seq.), violations of 47 U.S.C. § 605, et seq., Conversion, Breach of Contract, Civil Conspiracy, Vicarious Infringement and violations of the Computer Fraud and Abuse Act.

5. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

6. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 112(c) because, *inter alia,* Defendants reside within the State of New York, are subject to personal jurisdiction in the State of New York and may be found within the Eastern

District of New York.

7. This Court has personal jurisdiction over the Defendants in this action as a result of Defendants' presence and residence in New York State and Defendants' doing business in New York State. Defendants' acts included the tortious conversion of Plaintiff's copyrighted works in New York State.

## THE PARTIES

8. Plaintiff is a Nevada Limited Liability Company with its principal place of business located at 2960 West Sahara Avenue, Las Vegas, Nevada 89102.

9. Plaintiff is engaged in the business of distributing its copyrighted materials, as defined in 17 U.S.C. § 101, for, among other things, offering the Broadcasts for purchase over the internet on a Pay-Per-View basis for its paying customers to view the content as well as offering the Broadcasts on a Pay-Per-View basis via cable or satellite TV. Plaintiff invests substantial money, time and effort in advertising, promoting, selling, and licensing such programming, including the Broadcasts.

10. Plaintiff owns the rights to the Broadcasts at issue herein and holds the Certificates of Copyright Registration for same. As the owner of the Copyright in its programming, including, but not limited to, the Broadcasts, Plaintiff possesses the exclusive right to, inter alia, exhibit, distribute, disseminate and perform the Broadcasts publicly.

11. As an integral part of their service, websites such as http://kickass.to and

http://thepiratebay.se[1] permit, encourage, facilitate and induce the sharing of videos and live programming of audiovisual materials between users of the websites. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcasts, which were offered by the Defendants via Defendants' illegal uploading and distribution of the Broadcasts while using the username Secludedly to the aforementioned websites, accessible to the website users free of charge.

12. Upon information and belief, Defendant, STEVEN A. MESSINA, is an individual residing at 442 Colon Ave., Staten Island, NY 10308. Upon information and belief, JOHN DOE is an officer, director, shareholder and/or principal of XYZ CORP. INC.. Upon information and belief, JANE DOE is an officer, director, shareholder and/or principal of XYZ CORP. INC..

13. Upon information and belief, XYZ CORP. INC. is a business entity, the exact nature of which is unknown, incorporated and licensed to do business under the laws of the State of New York.

14. Upon information and belief, Defendants were the individuals with supervisory capacity and control over the activities of the user known as Secludedly occurring on the websites http://kickass.to and http://thepiratebay.se on the upload dates[2] (hereinafter "Upload Dates") of the 124 Broadcasts, as indicated on Exhibit A attached hereto.

15. Upon information and belief, Defendants received a financial benefit from the operations

---

[1] The websites known as http://kickass.to and http://thepiratebay.se are two well-known piracy sites that host information regarding the source and location of the files and provide the means for users to connect, share, upload, download and distribute pirated files.

[2] Attached to the Complaint as Exhibit A is a list of the 141 Pay-Per-View events that Defendants uploaded to the aforementioned website users as well as the alleged "upload dates" to the aforementioned website users ranging from May 20, 2012 through December 29, 2013.

and activities of the user Secludedly.

## COUNT I- Copyright Infringement

16. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "15," inclusive, as though set forth herein at length.

17. Plaintiff is the owner of the copyright to the Broadcasts, including all undercard bouts and the entire television Broadcasts. Plaintiff's rights include, but are not limited to, all moving images and other audio/video content which were broadcasted via encrypted satellite signal. The Broadcasts originated via satellite uplink and were subsequently retransmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized, online platforms.

18. As the copyright holder to the rights of the Broadcasts, Plaintiff has the exclusive right to copy, publicly perform and distribute same.

19. Defendants never obtained the proper authority or license from Plaintiff to copy, publicly perform or distribute the Broadcasts on the Upload Dates.

20. Upon information and belief, with full knowledge that the Broadcasts can only be obtained by the purchasing of a license from Plaintiff, Defendants illegally copied, uploaded, publicly performed and distributed the Broadcasts on the Upload Dates via the internet on the websites known as http://kickass.to and http://thepiratebay.se while using the username Secludedly in direct violation of the exclusive rights owned by Plaintiff.

21. Specifically, upon information and belief, the Defendants obtained the Broadcasts through internet websites, cable and/or satellite Pay-Per-View purchase intended for private, non-commercial viewing, and subsequently illegally re-transmitted the Broadcasts and publicly exhibited

the Broadcasts by illegally copying and uploading the Broadcasts to the users of the websites known as http://kickass.to and http://thepiratebay.se for users to view, download, access, share and distribute the Broadcasts free of charge.

22. Defendants have infringed Plaintiff's copyright in the Broadcasts by reproducing, adapting, distributing, uploading, copying and publicly displaying the copyrighted works without authorization, in violation of the Copyright Act, 17 U.S.C. § 501, and have recouped profits from the aforementioned website users' payments to the Defendants PayPal account in the name of "MMA Capping Fund! Help Me Cap PPV!" to help the Defendants to "keep ripping" copyrighted content, such as the Broadcasts.

23. Defendants' acts of infringement were willful, in blatant disregard of and with indifference to the rights of the Plaintiff.

24. By reason of the aforementioned conduct, Defendants willfully violated 17 U.S.C. § 501.

25. By reason of Defendants' violation of 17 U.S.C. § 501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. § 501(b).

26. As a result of Defendants' willful infringement of Plaintiff's exclusive rights under the Copyright laws of the United States, Plaintiff is entitled to damages, pursuant to 17 U.S.C. § 504(c)(1) and (c)(2), in an amount up to $150,000.00 for *each* of Defendants' 124 separate and distinct infringements.

27. Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT II- Violations of the Federal Communications Act: 47 U.S.C. §605

28. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "27," inclusive, as though set forth herein at length.

29. Plaintiff is the owner of the Broadcasts, including all undercard matches and the entire television broadcasts, aired via closed circuit television and via encrypted satellite signal.

30. The Broadcasts were available for non-commercial, private viewing through Plaintiff, its authorized online vendor's, as well as Pay-Per-View purchase through authorized satellite TV providers. Defendants, wishing to use Plaintiff's Broadcasts for their own commercial gain, surreptitiously gained access to Plaintiff's Broadcasts by purchasing the programming through their satellite TV provider, without proper authorization, at residential rates, and subsequently copying the Broadcasts and uploading them to the users of the websites known as http://kickass.to and http://thepiratebay.se.

31. In order to purchase and view the Broadcasts through a satellite TV provider intended for private, non-commercial viewing, an individual purchaser was subject to the copyright language contained therein which expressly stated that the "unauthorized reproduction or distribution of the copyrighted work is illegal."

32. Upon information and belief, with full knowledge that the Broadcasts were not to be received, distributed, reproduced and or publicly exhibited by individuals unauthorized to do so, Defendants, without authorization from Plaintiff, unlawfully intercepted, received and/or de-scrambled Plaintiff's satellite signal for purposes of direct commercial advantage and subsequently divulged the Broadcasts to the public by copying and distributing said Broadcasts to the users of the aforementioned websites in exchange for payments to the Defendants to help them to keep infringing Plaintiff's Broadcasts.

33. Upon information and belief, Plaintiff alleges that Defendants effected unauthorized interception and receipt of Plaintiff's Broadcasts via Defendants' satellite TV service by ordering programming for residential use and subsequently copying, uploading, distributing and publicly displaying the Broadcasts without authorization, or by such other means which are unknown to Plaintiff and known only to Defendants.

34. 47 U.S.C. §605(a) prohibits the unauthorized reception and publication or use of communications such as the Broadcasts for which Plaintiff had the distribution rights thereto.

35. By reason of the aforementioned conduct, Defendants willfully violated 47 U.S.C. §605(a).

36. By reason of the Defendants' violation of 47 U.S.C. §605(a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

37. As a result of the Defendants' willful violations of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605(e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to *each* violation.

38. Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

### COUNT III-Violations of the Federal Communications Act: 47 U.S.C. §553

39. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "38," inclusive, as though set forth herein at length.

40. Upon information and belief, with full knowledge that the Broadcasts were not to be unlawfully accessed, received and re-transmitted by individuals unauthorized to do so, Defendants willfully and unlawfully accessed, received and subsequently re-transmitted the Broadcasts over a

cable TV or internet system.

41. 47 U.S.C. §553 prohibits the unauthorized reception of any communications service offered over a cable system such as the transmission of the Broadcasts for which Plaintiff holds the copyright ownership thereto.

42. Upon information and belief, the Defendants knowingly, willfully and unlawfully accessed, received and subsequently re-transmitted the Broadcasts when they were offered via a cable TV or internet subscription without the authorization from Plaintiff and without paying Plaintiff the appropriate Pay-Per-View fee.

43. By reason of the aforementioned conduct, the Defendants violated 47 U.S.C. §553, thereby giving rise to a private right of action.

44. As a result of the Defendants' violations of 47 U.S.C. §553, Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees, in the discretion of this Court.

**COUNT IV- Civil Conversion**

45. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "44," inclusive, as though set forth herein at length.

46. By virtue of the conduct set forth above, Defendants have unlawfully converted Plaintiff's property for their own commercial use, benefit and private financial gain.

47. Such conversion was done intentionally and wrongfully by Defendants to deprive Plaintiff of its copyright ownership, and for Defendants' direct commercial benefit, advantage and private financial gain.

48. Due to Defendants' wrongful conversion of Plaintiff's copyrighted Broadcasts, Plaintiff

suffered damages.

## COUNT V- Breach of Contract

49. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "48," inclusive, as though set forth herein at length.

50. Plaintiff would show that pursuant to Plaintiff's Terms of Use of its programming, including the Broadcasts, any user of Plaintiff's authorized websites for Pay-Per-View purchase and any purchaser of a residential Pay-Per-View feed from Plaintiff, either via cable or satellite TV, agreed not to reproduce, distribute or transmit any of Plaintiff's materials, including the Broadcasts.

51. Upon information and belief, Defendants purchased the Broadcasts through Plaintiff's authorized websites or via Pay-Per-View purchase for private, residential viewing.

52. Upon information and belief, with full knowledge that the Broadcasts were not to be unlawfully copied and distributed by individuals unauthorized to do so, Defendants willfully and unlawfully copied, uploaded and distributed the Broadcasts to the users of the websites known as http://kickass.to and http://thepiratebay.se for users to access and view the Broadcasts free of charge.

53. As a direct and proximate result of Defendants' breach of its agreement with Plaintiff, Plaintiff has been damaged through the loss of substantial amounts of revenue, loss of business, loss of good-will and loss of customers.

## COUNT VI- CIVIL CONSPIRACY

54. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "53," inclusive, as though set forth herein at length.

55. Plaintiff would show that Defendants had an agreement between two or more persons.

56. Plaintiff would further show that Defendants' agreement was to devise a scheme whereby the Defendants would intentionally, willfully, and unlawfully access and copy Plaintiff's Broadcasts and subsequently upload the Broadcasts for distribution and public display in exchange for direct contributions from the users of the websites known as http://kickass.to and http://thepiratebay.se.

57. Upon information and belief, the Defendants did intentionally, willfully, and unlawfully access, copy, upload, distribute and publicly display Plaintiff's Broadcasts using websites such as http://kickass.to and http://thepiratebay.se and did in fact receive direct contributions from the users of the websites known as http://kickass.to and http://thepiratebay.se.

58. Plaintiff has been damaged as a result of the Defendants' agreement and subsequent acts and Plaintiff would further show that the Defendants' agreement was the proximate cause of damages suffered by the Plaintiff, including the loss of substantial amounts of revenue, loss of business, loss of good-will and loss of customers.

## COUNT VII-VICARIOUS COPYRIGHT INFRINGEMENT

59. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "58," inclusive, as though set forth herein at length.

60. Plaintiff would show that Defendants directly infringed on Plaintiff's Broadcasts by illegally uploading the Broadcasts on the Upload Dates, and copying, distributing and commercially misusing the Broadcasts and/or portions thereof via the internet on the websites known as http://kickass.to and http://thepiratebay.se while using the username Secludedly in direct violation of the exclusive rights owned by Plaintiff.

61. Plaintiff would further show that Defendants encouraged online users to copy, share, download, distribute and share content, including the Broadcasts, on the aforementioned websites, and Defendants facilitated, participated in and induced users to engage in the unauthorized reproduction, adaptation, public display and public performance of programming containing Plaintiff's copyrighted works.

62. Plaintiff would show that the Defendants had the right and ability to control the users on the aforementioned websites from directly accessing and infringing on Plaintiff's Broadcasts that were copied, uploaded, and distributed by the Defendants.

63. Plaintiff would further show that the Defendants derived a direct financial benefit from the users' activities on the aforementioned websites by directing said users to URL links, such as

PayPal, on Defendants' user profiles wherein users made direct payments to the Defendants to help the Defendants to "keep ripping" copyrighted content, including the Broadcasts.

### COUNT VIII-Violations of the Computer Fraud and Abuse Act: 18 U.S.C. § 1030

64. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "63," inclusive, as though set forth herein at length.

65. Plaintiff would show that Defendants, without authorization or by exceeding such authorization as was granted, accessed a protected computer containing Plaintiff's live internet streams of the Broadcasts knowingly and with intent to defraud, and unlawfully copied, distributed and publicly displayed said Broadcasts.

66. Plaintiff would further show that as a result of Defendants' unlawful and fraudulent conduct, Defendants obtained valuable copyrighted Broadcasts and subsequently furthered the intended fraud by uploading, distributing and publicly displaying said Broadcasts using the websites known as http://kickass.to and http://thepiratebay.se.

### REQUEST FOR INJUNCTIVE RELIEF

67. Plaintiff further alleges that unless restrained by this Court, Defendants will continue to receive, intercept, transmit, copy, upload, distribute and publicly display the Broadcasts, illegally and without authorization, in violation of 17 U.S.C. §501 and 47 U.S.C. §605, et seq.. Defendants have intercepted, transmitted, copied, uploaded, distributed and publicly displayed the Broadcasts without authorization on at least 124 occasions and Plaintiff cannot practicably detect or determine each occasion on which Defendants will continue to unlawfully receive, intercept, transmit, copy, upload, distribute and publicly display future broadcasts owned by Plaintiff.

68. The violations of 17 U.S.C. §501 and 47 U.S.C. §605, et seq. set forth above have caused and will continue to cause Plaintiff irreparable harm.

69. Plaintiff cannot practicably determine the loss of customers, subscribers and lost revenues resulting from Defendants' unlawful conduct. In addition to diminishing Plaintiff's

revenues, Defendants' unlawful conduct injures Plaintiff's reputation and goodwill, thereby impairing Plaintiff's ability to enhance its future growth and profitability.

70. Plaintiff has no adequate remedy at law to redress the infringements and violations set forth above.

71. As a result of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes that unless enjoined and restrained by this Court, Defendants will continue to infringe its rights and continue to infringe on its rights to date. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## **PRAYER**

WHEREFORE, the Plaintiff requests that judgment be entered in its favor and against the Defendants granting to Plaintiff the following:

(I) Declare that Defendants' unlawful copying, uploading, and distribution of the Broadcasts violated the US Copyright Act and the Federal Communications Act and that such infringements and violations were committed willfully and for purposes of Defendants' direct or indirect private financial gain and commercial advantage;

(II) On the first cause of action for violations of 17 U.S.C. §501(a), statutory penalties in the amount of up to $150,000.00 for each of Defendants' 124 separate acts of copyright infringement, pursuant to 17 U.S.C. §504(c)(1) and §504(c)(2); and

(III) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 for each of Defendants' 124 willful violations of 47 U.S.C. §605(a); or

(IV) On the third cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 for Defendants' 124 willful violations of 47 U.S.C. §553; and

(V) Attorney's fees, interest, and costs of suit pursuant to 17 U.S.C. §505; 47 U.S.C. §605(e)(3)(B)(iii) or §553(c)(2)(c);and

(VI) On the fourth cause of action, award damages for Defendants' conversion of Plaintiff's 124 Broadcasts; and

(VII) On the fifth cause of action, award damages for Defendants' breach of contract; and

(VIII) On the sixth cause of action, award damages for the resulting tort accomplished by the Defendants' conspiracy; and

(IX) On the seventh cause of action, award Plaintiff statutory penalties in the amount of up to $150,000.00 for each act of vicarious infringement cause by Defendants' direct infringement and Defendants' right and ability to supervise and control the acts of others; and

(X) On the eighth cause of action, award Plaintiff compensatory damages and injunctive relief for the Defendants' violations of the Computer Fraud and Abuse Act; and

(XI) That the Court award punitive damages.

Dated: April 29, 2014

> Respectfully submitted,
>
> **ZUFFA, LLC**
>
> By: /s/ Christopher J. Hufnagel
> CHRISTOPHER J. HUFNAGEL
> (Bar No. CH8734)
> Attorney for Plaintiff
> LONSTEIN LAW OFFICE, P.C.
> Office and P.O. Address
> 80 North Main Street: P.O. Box 351
> Ellenville, NY 12428
> Telephone: (845) 647-8500
> Facsimile: (845) 647-6277
> Email: Legal@signallaw.com
> *Our File No. ZI13-01NY-01*