UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ZUFFA, LLC d/b/a ULTIMATE FIGHTING
CHAMPIONSHIP,

                    Plaintiff,

            -against-

STEVEN A. MESSINA, Individually and as officer,
director, shareholder and/or principal of "XYZ CORP.
INC.", said name being fictitious the true name being
unknown to Plaintiff,

"JOHN DOE" and "JANE DOE", Individually and as
officers, directors, shareholders and/or principals of
"XYZ CORP. INC.", said names being fictitious the true
names being unknown to Plaintiff,

and

"XYZ CORP. INC.", said name being fictitious the true
name being unknown to Plaintiff,

                 Defendants.

---------------------------------------------------------------

**PLAINTIFF'S AFFIDAVIT IN
SUPPORT OF PRELIMINARY
INJUNCTION AND
TEMPORARY RESTRAINING
ORDER**

Civil Action No.

STATE OF NEVADA        )
                            ) ss:
COUNTY OF CLARK       )

      KIRK D. HENDRICK, being duly sworn, deposes and states the following under penalty of

perjury:

      1.     I am Executive Vice President and Chief Legal Officer of ZUFFA, LLC d/b/a

ULTIMATE FIGHTING CHAMPIONSHIP ("Plaintiff"), and, as such, am fully familiar with the

facts, circumstances and proceedings heretofore had herein.

2.      I make this Affidavit in support of Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order against the above named defendants (hereafter "Defendants").

3.      Plaintiff is the copyright owner and publisher of the ULTIMATE FIGHTING CHAMPIONSHIP broadcasts for the Pay-Per-View events attached  as Exhibit A to Plaintiff's Complaint and incorporated herein by reference, including all undercard bouts and the entire television broadcasts,  subject to valid Certificates of Copyright Registration for same, broadcasted via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcasts").  Plaintiff's rights include, but are not  limited to, all moving images and other audio/video content contained in the Broadcasts.  The Broadcasts originated via satellite uplink and were subsequently retransmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized, online platforms.

4.      Plaintiff marketed the Broadcasts via Pay-Per-View purchase for private, residential viewing through the internet via the UFC.tv website and other authorized online platforms. Plaintiff also marketed the Broadcasts via Pay-Per-View purchase for private, residential viewing via satellite and cable TV companies.

5.      In order for an individual to access the Broadcasts on a Pay-Per-View basis through the UFC.tv website, other authorized online platforms, or via satellite or cable TV purchase, users were required to pay a fee.  By using the UFC.tv website or purchasing a UFC broadcast through satellite or cable TV, an authorized user accepts Zuffa, LLC's Terms of Use, which prohibits the reproduction, distribution or retransmission of any of Plaintiff's materials, including the Broadcasts.

6.      Due to the fact that a part of Plaintiff's business is conducted through the sale of events over the internet, such as the Broadcasts at the subject of this litigation, Plaintiff has

invested substantial sums of time and money to identify, monitor and immediately halt unauthorized websites and individuals from copying, uploading, downloading and distributing Plaintiff's content, such as the Broadcasts, to users who are not authorized to obtain such events.

7.     Plaintiff uses various technologies, some of which are proprietary, to patrol the internet and identify websites and individuals who are illegally copying, uploading, downloading and distributing Plaintiff's Broadcasts. These websites allow those who seek to avoid the payment of the required license fee to view our programs to do so in contravention of Plaintiff's rights, and as a result, devaluing the same. Such technologies are used in the regular course of our business and have proven to be effective methods for identifying the illegal copying, uploading, downloading and distribution of our events over the internet.

8.     In the course of identifying websites and individuals who upload and provide access to pirated video content on the internet, such as the Broadcasts, my company noticed that a substantial amount of pirated UFC files, including the Broadcasts, were available for download on websites such as http://kickass.to and http://thepiratebay.se, uploaded by a user known as "Secludedly." After accessing the various user profiles for the individual user known as Secludedly and examining user domains, we believe the individual associated with this user name and responsible for the uploading and unauthorized distribution of the Broadcasts is the Defendant, Steven A. Messina.

9.     Also contained on the user profiles of Secludedly are URL links, such as PayPal, wherein a user can make direct payments to the Defendants to help them to "keep ripping" copyrighted content.  Although we have successfully shut down the Defendants' PayPal account as well as their Twitter, Wordpress and Tumbler accounts, Defendants have continued to pirate our events, make threats against employees of our company and have no desire to cease the massive and

blatant copyright infringement. In fact, Defendants are the self proclaimed "Provider of best MMA & Boxing rips online!" Although Defendants have the right, ability and legal obligation to prevent infringement of Plaintiff's copyrighted works, they have allowed infringement to go unchecked, content to profit handsomely from user payments to fund their rampant piracy and copyright infringement.

10. These intentional acts have caused significant monetary damages to my company, particularly because the Defendants are actively soliciting and inducing internet users to download our Broadcasts illegally and further the Defendants' scheme by making monetary contributions to the Defendants' PayPal and other accounts. Defendants' acts will continue to cause damage and serious erosion to my company if the Defendants are permitted to continue their illegal copying, uploading and distribution of my company's Broadcasts.

11. Defendants have, on over 100 occasions, used the torrent websites known as http://kickass.to and http://thepiratebay.se to copy, upload, download, distribute and publicly display the Broadcasts to the users of these websites.

12. It is respectfully submitted to this honorable Court that the unchecked activity of signal piracy and copyright infringement has a negative effect upon lawful customers of Plaintiff's broadcasts whose costs are necessarily increased significantly by these illegal activities.

13. We at ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP believe that such acts of piracy and infringement have and will cost us significant losses of revenue in the past and future while, at the same time, causing a reduction in our lawful business resulting from the perceived lack of consequence for such unlawful infringement.

14. The Defendants have not obtained the proper authority from Plaintiff to distribute any of the Broadcasts, and upon information and belief, they have already and intend to continue to copy,

upload, distribute and publicly display same in flagrant violation of Plaintiff's rights.

15.     Despite being put on notice that their actions are unlawful and shutting down the Defendants' accounts that are used to collect contributions from users to aid them in continuing to "rip" Pay-Per-View events, Defendants not only continue to copy, upload, distribute and publicly display Plaintiff's Pay-Per-View events without authorization, they have also made threats against employees at my company and have indicated their intent to continue to infringe on the Plaintiff's broadcasts.

16.     Defendants' blatant disregard for my company's rights irreparably harms my company as it effects sales to other individuals and entities in the United States who have been paying the appropriate fees to access and/or exhibit our events legally.

17.     Plaintiff is being continually damaged by Defendants' intentional actions which continue to the present date despite my company's efforts to curtail same.



_____
KIRK D. HENDRICK

Sworn to before me this 25th

day of April, 2014.

_____
NOTARY PUBLIC

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
FEATHER LAKE
Appt. No. 99-55352-1
My Appt. Expires July 17, 2015