UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---

ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP,

    Plaintiff,

-against-

STEVEN A. MESSINA, Individually and as officer, director, shareholder and/or principal of "XYZ CORP. INC.", said name being fictitious the true name being unknown to Plaintiff,

"JOHN DOE" and "JANE DOE", Individually and as officers, directors, shareholders and/or principals of "XYZ CORP. INC.", said names being fictitious the true names being unknown to Plaintiff,

and

"XYZ CORP. INC.", said name being fictitious the true name being unknown to Plaintiff,

    Defendants.

---

**STIPULATION FOR PERMANENT INJUNCTION AND PERMANENT INJUNCTION**

Civil Action No. 1:14-CV-02673-JBW-RML

---

The Plaintiff, ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, and the Defendant, Steven A. Messina, have stipulated and agreed to waive the findings of fact and conclusions of law required by Rule 65(d) of the Federal Rules of Civil Procedure, and to the entry of a permanent injunction against the Defendant, Steven A. Messina, as set forth below.

### PERMANENT INJUNCTION

1. The Defendant, Steven A. Messina, has engaged in conduct in violation of 17 U.S.C. §501 and 47 U.S.C. §605 and injunctive relief under 17 U.S.C. §502(a) and 47 U.S.C. §605(e)(3)(B)(i) is appropriate to prevent a recurrence of such conduct.

1

2. The Defendant, Steven A. Messina, has engaged in conduct that interferes and violates the intellectual and proprietary rights of the Plaintiff, ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, and injunctive relief is also appropriate to prevent the recurrence of such conduct pursuant to the Court's inherent equity powers.

3. Pursuant to 17 U.S.C. §502(a) and 47 U.S.C. §605(e)(3)(B)(i), this Court hereby enters a permanent injunction prohibiting the Defendant, Steven A. Messina, and his representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with him, from directly or indirectly:

(1) Accessing, streaming, copying, uploading, downloading, distributing and/or publicly performing or displaying any broadcast or other content owned by the Plaintiff, Zuffa, LLC, d/b/a Ultimate Fighting Championship without a proper license from Plaintiff.

(2) Organizing, selling, or assisting in the organization of an entity or otherwise promoting and/or planning or arranging to copy, upload, download, distribute, or publicly perform or display any broadcast or other content owned by the Plaintiff, Zuffa, LLC, d/b/a Ultimate Fighting Championship without a proper license from Plaintiff.

(3) Taking any other actions whatsoever which unlawfully interfere with Plaintiff's intellectual and proprietary rights under Copyright.

4. This Court hereby enters an injunction requiring Defendant, Steven A. Messina, to turn over to the Plaintiff, ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, any readily available information, processes, records, accounts, bills received for the purchase of any UFC event, user profile names and identifications, domains utilized by Defendant and any user information for any website or computer used by, owned or controlled by Defendant that was used or assisted in the unauthorized access, streaming, copying, uploading, downloading, distributing or public performance of any UFC event, including, but not limited to, the events that are the subject of the instant litigation.

5. This Court hereby enters an injunction additionally requiring Defendant, Steven A. Messina, to turn over all hard drives and special equipment including, but not limited to, his "special capture device to catch an emulation of the original broadcast" (http:torrentfreak.com/pirates-debut-super-smooth-video-torrents-130428/), ripping programs known as Handbrake, Avisynth, MeGUI, related x264 scripts, Seagate USB 3.0 500GB portable/plug-and-play external drive, Seagate 1.5TB External Hard drive, External Western Digital 1.5TB hard drive, and Samsung 840 PRO 512 GB hard drive in his possession, custody or control that Defendant utilized to gain access to, stream, copy, upload, download, distribute or publicly perform any UFC event, including, but not limited to, the events that are the subject of the instant litigation.

6. The Court retains jurisdiction over the Defendant, Steven A. Messina, and this action for the purpose of enforcing the permanent injunction entered against Defendant, Steven A. Messina. Plaintiff shall be entitled to conduct all discovery permitted under the Federal Rules of Civil Procedure for the period of six (6) months from the date of the filing of this stipulation for the purpose of monitoring Defendant's compliance with the terms of this permanent injunction.

7. The parties have stipulated to the facts recited herein solely for the purposes of this civil action. The Stipulation shall not be admissible in any other proceeding between the parties to this action in this or any other court with the exception of an action to enforce the terms and provisions of this permanent injunction, a contempt action related to this injunction, or any other future litigation involving an issue regarding whether Defendant, Steven A. Messina, has failed to comply with this injunction.

_____
Christopher J. Hufnagel, Esq.
(Bar No. CH8734)
Attorney for Plaintiff

_____
Steven A. Messina
Defendant

3

LONSTEIN LAW OFFICE, P.C.
80 North Main St.
P.O. Box 351
Ellenville, NY 12428

    IT IS SO ORDERED this _____ day of _____, 2014.

                        BY THE COURT:

                        _____
                        **HON. JACK B. WEINSTEIN**
                        **UNITED STATES DISTRICT JUDGE**